UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

STERLING R. BENNINGFIELD,          )
                                   )
    Petitioner,                    )      Civil No. 0: 15-63-HRW
                                   )
V.                                 )
                                   )
JODIE SNYDER-NORRIS, Warden,       )      **MEMORANDUM OPINION**
                                   )      **AND ORDER**
    Respondent.                    )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Sterling R. Benningfield is confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Benningfield has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

In March 2005, Benningfield was indicted in San Antonio, Texas for tax evasion in violation of 26 U.S.C. § 7201. Benningfield then fled to Mexico, where he remained a fugitive for nearly eight years. He was arrested in 2014, and subsequently pled guilty to the offense. He was sentenced to a 41-month term of imprisonment, and ordered to pay $422,301.83 in restitution. The judgment ordered that payment of restitution was "to begin immediately." *United States v. Benningfield*, No. 5:05-CR-101-FB-1 (W.D. Tex. 2005).

1

In his petition, Benningfield indicates that the Bureau of Prisons ("BOP") has "mandated" that he participate in the Inmate Financial Responsibility Plan ("IFRP") by paying $45.00 per month towards his court-ordered fine. Benningfield states that he will be "punished" if he does not, by which he means he will lose privileges, such as unfettered access to the commissary, preferred housing and placement in a halfway house prior to release. He further contends that it was improper for the BOP to calculate his monthly payments by including money that he receives as gifts. [D. E. No. 1 at 3] Benningfield indicates that he did not file any administrative remedies regarding his claims because the BOP's actions are based upon its IFRP policy. For relief, Benningfield asks the Court to invalidate the IFRP agreement he signed without the loss of any privileges and to order the BOP to return funds already collected. [D. E. No. 1 at 4]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Benningfield's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts

2

the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Because Benningfield's claims are substantively without merit, the Court bypasses questions regarding whether certain aspects of his claims are cognizable in a habeas corpus petition filed under § 2241 and whether his admitted failure to exhaust his administrative remedies should be excused.

Benningfield first suggests that the trial court impermissibly delegated to the BOP its duty to establish a repayment schedule. [D. E. No. 1-1] Apart from the fact that this argument constitutes a direct attack upon the validity of his sentence (rather than merely the BOP's implementation of it), the cases he cites in favor of this proposition, *Ward v. Chavez*, 678 F. 3d 1042 (9th Cir. 2012) and *United States v. Davis*, 306 F. 3d 398 (6th Cir. 2002), do not support his claim. Both *Ward* and *Davis* held that a trial court cannot delegate its obligation to create a repayment schedule for restitution obligations subject to the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. §§ 3663A-3664. The MVRA specifically requires the trial court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid ..." 18 U.S.C. § 3664(f)(1)(B)(2).

But by its terms, the MVRA only applies when the defendant is convicted of a crime of violence, an offense against property, or an offense related to tampering

3

with consumer products. 18 U.S.C. § 3663A(c)(1); *United States v. Vandeberg*, 201 F.3d 805, 812 (6th Cir. 2000). Benningfield was convicted of tax evasion, an offense to which the MVRA does not apply. Cf. *United States v. Perry*, 714 F. 3d 570, 577 (8th Cir. 2013); *United States v. Schlegel*, No. 13-CR-74(1) (PJS/FLN), 2015 WL 1178283, at *7 (D. Minn. Mar. 13, 2015). Cases not subject to the mandatory language found in the MVRA are governed by the Sixth Circuit's decision in *Weinberger v. United States*, 268 F.3d 346 (6th Cir. 2001), which holds that a trial court does not "impermissibly delegate a core judicial function" when it orders a defendant (in that case also convicted of tax evasion) to pay restitution that was *due* "immediately" but which could be paid accordingly to a schedule established by the BOP under the IFRP. *Id.* at 359-61; *see also United States v. Mosher*, 493 F. App'x 672 (6th Cir. 2012); *United States v. Logins*, 503 F. App'x 345 (6th Cir. 2012) (noting that under *Weinberger*, "the district court could delegate the scheduling of restitution payments so long as the court set the amount of restitution to be paid.") Under *Weinberger*, the BOP's application of the IFRP to Benningfield's restitution obligation was entirely proper.

Nor is there any merit to Benningfield's assertion that the BOP will "punish" him if he withdraws from the IFRP by withholding certain privileges. Cf. *United States v. Lemoine*, 546 F.3d 1042, 1050 (9th Cir. 2008) (holding that federal inmate is not "forced" to participate in IFRP merely because his failure to do so

4

will result in the loss of certain privileges). While an inmate will lose certain privileges and become ineligible for certain benefits if he or she does not participate in the IFRP, 28 C.F.R. § 545.11; BOP Program Statement 5380.08 (2005), the program remains voluntary rather than mandatory because the BOP cannot compel participation. *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010).

Finally, the BOP may properly include money received by the inmate as a gift when calculating IFRP payments. *Thurston v. Chester*, 386 F. App'x 759, 762 (10th Cir. 2010). 28 C.F.R. § 545.11(b) states that "[p]ayments may be made from institution resources or non-institution (community) resources," and hence expressly contemplates that the BOP may "consider funds received from sources other than prison work in determining whether an inmate is able to participate in the IFRP." *Pierson v. Morris*, 282 F. App'x 347, 348 (5th Cir. 2008). See also *Wadley v. Zych*, No. 7:12CV0015, 2012 WL 1533285, at *2 (D. W.Va. Apr. 30, 2012) ("Neither § 545.11 nor Program Statement 5380.08 exclude gifts from family or friends from the category of "non-institution (community) resources.")

Accordingly, **IT IS ORDERED** that:

1. Petitioner Benningfield's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2.	Benningfield's "Motion to Expedite and Injunction" [D.E. No. 2] is **DENIED AS MOOT**.

3.	This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4.	Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 27th day of April, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge